C. E. IRWIN AND ELIZABETH PHILLIPS, Administratrix, Appellants, v. W. R. COOPER et al.

CONTRACT OF PARNTERSHIP:  *Held superseded by oral contract.* Plaintiff furnished defendant funds to purchase a quartz mill to be used in Arizona, and, in consideration, took an interest in mining claims, with the agreement that if the venture should prove a failure or plaintiff desired to withdraw, defendant should be responsible for the money paid on the mill, less any sums received by plaintiff as profits in the business. Plaintiff went to the mine in Arizona, paid off the workmen, and fur-

nished considerable money in addition to that furnished under the contract. A bill of sale was given to a son of the plaintiff, without consideration, and he took charge. The venture was a failure. *Held,* in an action to recover on the contract, that the evidence was sufficient to support a finding that the written contract had been superseded by an oral contract of copartnersip, and hence plaintiff was not entitled to recover.

TRANSFER TO LAW SIDE: *After amendment tendering equitable issue.* Where plaintiff's petition, alleging a copartnership between himself and defendant, and asking for an accounting, was amended so as to recover under a written contract, it was not error to refuse plaintiff's motion to transfer the entire case to the law side of the court, after defendant had filed an equitable answer in effect asking for an accounting and that another party be brought in, as under defendant's answer an equitable issue was tendered, which could not be tried by a jury.

*Appeal from Mills District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, MAY 12, 1900.

ACTION in equity to recover money advanced for the development of a mining enterprise. There was a judgment for defendants. Plaintiffs appeal.—*Affirmed.*

*Frank Shinn, W. S. Lewis,* and *C. E. Dean* for appellants.

*John Y. Stone* and *E. B. Woodruff* for appellees.

SHERWIN, J.—Elizabeth Phillips is the widow of Thomas Phillips, deceased, and the administratrix of his estate. This action is to recover two thousand dollars, each, by the plaintiffs, under a written contract which is as follows: "Articles of agreement made and entered into by and between Thos. Phillips and C. E. Irwin, of Henderson, Iowa, of the first part, and W. R. Cooper, of Henderson, Iowa, and W. T. Cooper and T. K. Mitchell, of Dos Cabezos, Arizona, of the second part: Thos. Phillips and C. E. Irwin of the first part, agree to pay four thousand dollars ($4,000) on the purchase of a Huntington quartz-mill plant, of a capacity of twenty tons per day, or what is known as a 'five-mill plant.' Said mill to be shipped and set up for use at the Cooper mining camp, at Dos Cabezos Mountains, Cochise, Cochise county, Arizona. And any amount that said mill plant may cost over the said four thousand dollars shall be paid by all parties equally. In consideration of the payment of the four thousand dollars as above specified, W. R. Cooper, W. T. Cooper, and T. K. Mitchell, all of the second part, agree to give Thos. Phillips and C. E. Irwin, of the first part,

a one-fourth interest in ten mining claims. Five are the Gold Cup group, located on the north side of Dos Cabezos Mountains in Cochise county, Arizona, and five of said mines are located on the south side of said mountains, and in said county. The names of the same are as follows, as far as can now be named: The mine known and recorded as the 'Sons of America,' and one recorded as the 'Blaine Mine,' and one recorded as the 'Cicaqo Mine.' Not being able now to state the name of other two mines, state that the Mescal group is not included in this contract, but does include five owned by said parties, the names to be ascertained hereafter. And we also give said Phillips and Irwin an equal interest with us in town site, should one be laid out at the base of said mountain, and in the valley southwest from said mine. The town site referred to shall mean the one platted and surveyed for the purpose by any member of this company. And we agree that should this enterprise prove a failure, or they become dissatisfied and wish to withdraw, we will be responsible for the four thousand dollars paid on said mill. We will take said mill, and return to them their four thousand dollars, with eight per cent. interest from the dates they make said payments. But any money they receive as their share from profits of said milling business shall be applied on said four thousand dollars, as part payment so far as it may go, if they wish to withdraw from said company." The defendants, except W. T. Cooper, admit making the above contract, and that plaintiff Irwin and Thomas Phillips furnished the four thousand dollars for the purchase of the quartz mill, and it clearly appears from the evidence that the venture was a failure. But the defendants plead that the written contract above set out was afterwards abandoned by mutual agreement, and the said Irwin and Thomas Phillips verbally agreed to furnish other sums of money, not to exceed ten thousand dollars, for the development of the enterprise, and for the payment of the debts then existing, in consideration of which they were to have and hold each a quarter interest in the mining property described, instead of the eighth interest provided for in the written contract; that they did furnish a part of said sum, and took the active management and control of the property for awhile, but did not pay all claims and debts then existing against the property, as agreed, and finally abandoned it. The defendant W. R. Cooper prayed a dissolution of partnership, and for an accounting, and for a reformation of the written contract.

The plaintiffs' first contention is that the court erred in not transferring the entire cause to the law side of the calendar for trial. This case was originally begun by the plaintiff Irwin as an equity case. He filed a petition alleging that a co-partnership existed between himself, Thomas Phillips, and W. R. and W. T. Cooper, and himself asked an accounting. He afterwards filed an amendment stating his cause of action in its present form. The

motion to transfer was made by him when he was the only plaintiff, and was made after the defendant W. R. Cooper had filed an equitable answer, also, in effect, asking an accounting, and that a necessary party be brought into the case for that purpose. There were both law and equitable issues presented in the pleadings, which might possibly have been separated and so tried; but the plaintiff asked to have the whole case transferred, and this the court properly refused to do, because there was a distinct equitable issue tendered by defendant, and this could not be tried to a jury.

II. The trial court found that the written contract had been superseded by an oral contract of co-partnership between C. 'E. Irwin, Thomas Phillips, W. R. Cooper, and T. K. Mitchell, and that the business of such co-partnership was carried on in the name of the Cooper Mining Company. It is urged that this finding is not supported by competent evidence. We think otherwise. There was evidence offered which was incompetent to prove this fact as against the administratrix of Thomas Phillips, but there is much evidence from competent witnesses, and many facts and circumstances proven, tending to support this conclusion. The written contract itself creates a limited partnership, and the proven acts and conduct of Phillips and Irwin when at the mines, and their conduct in relation to the sale of the mill, all tend to support the claim of a partnership, and we do not feel that we ought to disturb the finding of the trial court on this question. This being the case, we think the court was right in finding that the plaintiffs had failed to sustain their cause of action as amended. The case is therefore AFFIRMED.